IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY BUSSEY - PLAINTIFF

V.

OFFICER SMITH

OFFICER ANSTEAD

HEARING EXAMINER REISINGER
      DEFENDANTS

("JURY TRIAL DEMANDED")

CIVIL NO. _____

1:12-cv-469

FILED
SCRANTON

MAR 15 2012

Per _____

DEPUTY CLERK

## I. JURISDICTION + VENUE

1. THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C. SECTION 1983 TO REDRESS THE DEPRIVATION, UNDER COLOR OF STATE LAW, OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES. THE COURT HAS JURISDICTION UNDER 28 U.S.C. SECTION 1331 AND 1343(A)(3). PLAINTIFF BUSSEY SEEKS DECLARATORY RELIEF PURSUANT TO 28 U.S.C. 2201 AND 2202.

2. THE MIDDLE DISTRICT OF PENNSYLVANIA IS AN APPROPRIATE VENUE UNDER 28 U.S.C. SECTION 1391(B)(2) BECAUSE IT IS WHERE THE EVENTS GIVING RISE TO THIS CLAIM OCCURRED.

## II. PLAINTIFF

3. PLAINTIFF ANTHONY BUSSEY, IS AND WAS AT ALL TIMES MENTIONED HEREIN A PRISONER OF THE STATE OF PENNSYLVANIA IN THE CUSTODY OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS. HE IS CURRENTLY CONFINED ON SCI-CAMP HILL'S SPECIAL MANAGEMENT UNIT, SMU, IN PENNSYLVANIA.

## III. DEFENDANTS

4. DEFENDANT OFFICER SMITH IS A CORRECTIONAL OFFICER OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANK OF

3

PRISON GUARD AND WAS ASSIGNED TO SCI-CAMP HILL'S SPECIAL MANAGEMENT UNIT.

5. DEFENDANT OFFICER ANSTEAD IS A CORRECTIONAL OFFICER OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANK OF PRISON GUARD AND WAS ASSIGNED TO SCI-CAMP HILL'S SPECIAL MANAGEMENT UNIT.

6. DEFENDANT REISINGER IS A HEARING EXAMINER OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE POSITION OF HEARING EXAMINER AND WAS ASSIGNED TO SCI-CAMP HILL.

7. EACH DEFENDANT IS SUED INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES. AT ALL TIMES MENTIONED IN THIS COMPLAINT EACH DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.

## IV. FACTS

8. ON DECEMBER 22, 2012, AFTER PLAINTIFF HAD MADE A NUMBER OF VERBAL AND WRITTEN COMPLAINTS AGAINST OFFICER SMITH'S SEXUALLY INAPPROPRIATE COMMENTS TO THE PLAINTIFF, OFFICER SMITH IN RETALIATION DENIED PLAINTIFF HIS SHAVING RAZOR.

9. OFFICER SMITH THEN INFORMED THE PLAINTIFF THAT IF PLAINTIFF DID NOT LIKE OFFICER SMITH DENYING PLAINTIFF HIS SHAVING RAZOR, PLAINTIFF WOULD "GET THE CHANCE LATER TO DO SOMETHING ABOUT IT LATER"

10. A FEW MINUTES LATER, OFFICER ANSTEAD CAME TO THE PLAINTIFF'S CELL DOOR ALONG WITH OFFICER SMITH AND TOLD THE PLAINTIFF THAT PLAINTIFF WAS SCHEDULED TO SEE MEDICAL.

11. A COUPLE OF WEEKS PRIOR, OFFICER ANSTEAD HAD WARNED THE PLAINTIFF THAT PLAINTIFF HAD "BETTER LEAVE HER FELLOW OFFICER ALONE."

12. ON THE WAY ~~BACK TO MEDICAL OFFICERS JEFFERIES~~ ASKED ~~WHO WAS THE 3/RD IN CHARGE~~ AND WHY WASN'T A LIEUTENANT PRESENT AND ESCORTING THEM AS PER SMU POLICY.

13. OFFICER ANSTEAD THEN STATED TO THE PLAINTIFF "DON'T WORRY BIG MOUTH, HERE ES YOUR CHANCE, DO SOMETHING NOW!" AS BOTH OFFICER ANSTEAD AND SMITH CLOSED EN ON THE PLAINTIFF WITH TIGHT FIST.

14. PLAINTIFF ATTEMPTED TO FIRST GET AWAY, THEN TO DEFEND HIMSELF AS OFFICER SMITH AND OFFICER ANSTEAD USED EXCESSIVE FORCE UPON PLAINTIFF SEVERELY ENJURYING PLAINTIFF'S KNEE AND REQUIRING MEDICAL ATTENTION AND FURTHER TREATMENT.

15. ONCE THE ENCIDENT OF EXCESSIVE FORCE WAS OVER BOTH OFFICERS SMITH AND ANSTEAD ESSUED PLAINTIFF TWO SEPARATE FALSE AND RETALIATORY MISCONDUCTS CHARGING PLAINTIFF WITH ASSAULT AND REFUSING TO OBEY AN ORDER. SEE EXHIBITS "A"-B336940 AND "B"-B336943.

16. ON DECEMBER 29, 2012, PLAINTIFF WENT BEFORE HEARING EXAMINER REISINGER FOR HEARINGS ON MISCONDUCT NUMBERS B336940 AND B336943,

17. DESPITE PLAINTIFF HAVING ENFORMED HEARING EXAMINER REISINGER THAT PLAINTIFF WAS FUNCTIONALLY ELLITERATE AND DID NOT UNDERSTAND THE LAW OR COMPLETELY UNDERSTAND THE MISCONDUCT PROCESS, HEARING EXAMINER REISINGER DENIED PLAINTIFF ASSISTANCE FROM A FELLOW PRISONER OR ANY OTHER FORM OR ASSISTANCE.

18. EN ADDITION, HEARING EXAMINER REISINGER HELD THE PLAINTIFF'S MISCONDUCT HEARING AT THE PLAINTIFF'S CELL DOOR INSTEAD OF ENSIDE OF THE MISCONDUCT HEARING ROOM.

19. HEARING EXAMINER REISINGER ALSO REFUSED TO SWEAR EN THE PLAINTIFF OR THE PLAINTIFF'S WITNESS MR. BORRERO.

20. PLAINTIFF'S WITNESS MR. BORRERO WAS NOT ENTERVIEWED ENSIDE OF THE HEARING ROOM, BUT WAS INTERVIEWED AT MR. BORRERO'S CELL.

21. Hearing Examiner also filed a false report stating that plaintiff's waiver. Mr. Borrero has said the plaintiff was kicking. This report is refuted by Mr. Borrero. See exhibit "C".

22. Hearing examiner Reisinger eventually found plaintiff guilty of both misconduct B336940 and B336943 and given two separate sanctions for one alleged incident.

# V. LEGAL CLAIMS

23. Plaintiff re-allege and incorporate by reference paragraphs 1-22.

24. Defendant officer Smith used excessive force against plaintiff by kicking and throwing plaintiff to the hard SMU floor when plaintiff was not violating any prison rule, and was not acting disruptively. Defendant Smith acted out of retaliation for plaintiff's verbal and written complaints about defendant Smith's sexual inappropriate comments.

25. Defendant officer Smith violated plaintiff's first and eight amendment U.S. constitutional rights by retaliating against plaintiff and causing pain, suffering, physical injury to the plaintiff's right knee, and emotional distress.

26. Plaintiff was told by a SMU lieutenant that defendant Smith was disciplined by SCE-Camp Hill staff for his policy violations involving the incident concerning the plaintiff.

27. Defendant officer Anstead used excessive force against plaintiff by helping officer Smith kick and throw plaintiff to the hard SMU floor when plaintiff was not violating any prison rule, and was not acting disruptively. Defendant Anstead acted out of retaliation for plaintiff's verbal and written complaints about defendant Smith's sexual inappropriate comments.

4

28. DEFENDANT OFFICER ANSTEAD VIOLATED PLAINTIFF'S FIRST AND EIGHT AMENDMENT, U.S. CONSTITUTIONAL RIGHTS BY RETALIATING AGAINST PLAINTIFF AND CAUSING PAIN, SUFFERING, PHYSICLAL ENJURV TO THE PLAINTIFF'S RIGHT KNEE, AND EMOTIONAL DISTRESS.

29. PLAINTIFF WAS TOLD BV A SMU LIEUTENANT THAT DEFENDANT ANSTEAD WAS BOTH DISCIPLINED AND REASSIGNED FROM THE SMU FOR HER POLICY VIOLATIONS ENVOLVING THE ENCIDENT CONCERNING THE PLAINTIFF.

30. DEFENDANT HEARING EXAMINER REISINGER VIOLATED PLAINTIFF'S SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS.

# VI. PRAYER FOR RELIEF

31. WHEREFORE, PLAINTIFF RESPECTFULLY PRAY THAT THIS COURT ENTER JUDGMENT:

A- GRANTING PLAINTIFF A DECLARATION THAT THE ACTS DESCRIBED HEREIN VIOLATED HIS RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES.

B- GRANTING PLAINTIFF COMPENSATORY DAMAGES IN THE AMOUNT OF $50,000 AGAINST EACH DEFENDANT, OFFICER SMITH AND OFFICER ANSTEAD.

C- GRANTING PLAINTIFF COMPENSATORY DAMAGES IN THE AMOUNT OF $5,000 AGAINST DEFENDANT REISINGER.

D- PLAINTIFF SEEKS PUNITIVE DAMAGES IN THE AMOUNT OF $50,000 AGAINST DEFENDANTS SMITH AND ANSTEAD.

E- PLAINTIFF SEEKS COURT COST, ATTORNEY FEES, AS WELL AS ANY OTHER ADDITIONAL RELIEF THAT THIS COURT DEEMS JUST AND APPROPRIATE.

THIS COMPLAINT IS MADE PURSUANT TO 28 U.S.C. § 1746.

SIGNED: *Anthony Bussey*                    DATE: March 8, 2012
ANTHONY BUSSEY FY8748
SMU AT CAMP HILL
P.O. BOX 200
CAMP HILL, PA 17001-0200

CC: FILE

6

EXHIBIT A

| FORM **DC-141 PART 1** | **COMMONWEALTH OF PENNSYLVANIA** | | **B 336940** |
|---|---|---|---|
| Rev 8/05 | **DEPARTMENT OF CORRECTIONS** | | |

☒ MISCONDUCT REPORT ☐ OTHER ☐ DC-ADM 801 INFORMAL RESOLUTION

| DC Number | Name | Facility | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| FY8740 | Busey, Anthony | SCIC | 1510 | 12-22-11 | 12-22-11 |

| Quarters | Place of Incident |
|---|---|
| E | E-Block D pod |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | COI Hoffner | | | | | | |
| | COI Anstead | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION** Class 1 #2 Assault    Class #1 #35 Refusing to obey an order

**STAFF MEMBER'S VERSION** On the above date and time while assisting medical in obtaining a weight on inmate Busey FY8740 he attempted to kick me. After the attempted assault the inmate was placed on the floor to gain control of the situation. While inmate Busey was being placed on the floor he was attempting to spit on this officer. I gave several orders to the inmate to stop kicking and stop spitting at the officers. All orders were refused initially and he complied at his leisure. The inmate was placed in shackles and returned to his cell with no further incident.

**IMMEDIATE ACTION TAKEN AND REASON** Remain present status in the Smu until Seen by Hearing Examiner.                LT McG

| PRE-HEARING CONFINEMENT | | | Refer To Hearing Examinor |
|---|---|---|---|

| | IF YES | | |
|---|---|---|---|
| ☒ YES | TIME | DATE | |
| ☐ NO | 1926 | 12-22-11 | |

**FORMS GIVEN TO INMATE**
☒ REQUEST FOR WITNESSES AND REPRESENTATION ☒ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY    SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY |
|---|---|---|
| COI   Brian Smith | | DATE 12/22/11   TIME 24 HOUR BASE 2120 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | MISCONDUCT CATEGORY | Signature of Person Serving Notice |
|---|---|---|---|
| DATE 12/23/11 | TIME 0800 | ☒ CLASS 1 ☐ CLASS 2 | O.P. ___ COI |

**NOTICE TO INMATE**
You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have will be removed.

WHITE — DC-15     YELLOW — Inmate     PINK — Reporting Staff Member     GOLDENROD — Deputy Superintendent Facility Management

| DC-141    **PART 2A** | COMMONWEALTH OF PENNSYLVANIA | | | |
|---|---|---|---|---|
| Rev. 2-08 INMATE REQUEST FOR REPRESENTATION AND WITNESSES | DEPARTMENT OF CORRECTIONS | | | |

| DC Number | Name | Facility | Date | Number as on Part I |
|---|---|---|---|---|
| FY8740 | Busey, Anthony | SCIC | 12-22-11 | B336940 |

You have been charged with a misconduct. You may request assistance and/or witnesses to appear at your hearing by completing the section(s) below.

In order to have assistance or witnesses at your hearing, you must complete this form and present all copies to one of your housing officers no later than 9:00 a.m. the next day after you receive notice of the misconduct.

Assistance: ☐ I do not request assistance
☒ I request assistance by MARK Robinson AM8837
(The person requested must be willing to assist you)

*No Inmate is capable of presenting his own defense*

Witnesses: You may request witnesses in accord with DC-ADM 801. State the relevance and importance of the testimony the witness will give.

---

**1. Name of Witness:**    If Inmate    No.    Quarters

Hector Borrero JB2013

Why is this person's testimony relevant and important?

He will Exonerate me Because He witnessed The Event

**DO NOT WRITE IN THIS SECTION**
For Use by Hearing Examiner

Witness permitted? Yes  If not, why not?

*Borrero stated that he saw Busey Kicking at the Officer but stated he never saw him Spit on the Officer*

---

**2. Name of Witness:**    If Inmate    No.    Quarters

Maurice Edwards FH3540

Why is this person's testimony relevant and important?

He will Exonerate me because He witnessed The Event

Witness permitted? No  If not, why not?

*Not needed to determine innocence or guilt*

---

**3. Name of Witness:**    If Inmate    No.    Quarters

Why is this person's testimony relevant and important?

The Request the 12-22-11 SMU Block video tape be Submitted as Evidence the tape will Exonerate me

Witness permitted? No  If not, why not?

*Not needed to determine innocence or guilt*

---

✗ _____
Inmate's Signature

_____
Hearing Examiner's Signature

This section to be completed by Housing Officer only

Received completed form _____ hours _____
              Time           Date

_____
Housing Officer's Signature

| DC-141 | **PART 2 C** | **COMMONWEALTH OF PENNSYLVANIA** | | |
|---|---|---|---|---|
| Rev. 2-02 HEARING SUPPLEMENT INMATE VERSION AND WITNESS STATEMENTS | | **DEPARTMENT OF CORRECTIONS** | | |

| DC Number | Name | | Facility | No. from PART I |
|---|---|---|---|---|
| FY8740 | Busey, Anthony | | 12-22-11 | B336940 |

**INMATE'S VERSION**

I plead Not Guilty to misconduct Number B336940. ON my DC-141 part 2A Form I requested Assistance From Inmate Mark Robinson, who is A certified paralegal And who helped me to Fill out my Inmate Version, I Also requested that a staff member Be Allowed to Assist me By Gathering Evidence And Interviewing witnesses on my Behalf since I am confined to my cell 24 hours A Day, 7 Days a WEEK, which makes It Impossible for me to Interview witnesses or Gather Evidence. I am noting All of this on my Inmate Version BECAUSE SMU OFFICERS REFUSED To SIGN AND TURN IN My DC-141 PART 2A FORM THEIR REASONING IS THAT I "ASSAULTED A ~~FELLOW~~ Fellow OFFICER" ENCLOSED IS THE MISCONDUCT. IT IS AN ATTEMPT To COVER BOTH OFFICER SMITH AND ANSTEAD RETALIATION AND PROCEDURE VIOLATIONS. OFFICER SMITH AND I HAVE BEEN HAVING VERBAL CONFRONTATIONS FOR ABOUT ONE MONTH NOW, BASED UPON HIS SEXUALLY INAPPROPRIATE COMMENTS TO MYSELF AND OTHER SMU PRISONERS EVENTUALLY OFFICER ANSTEAD ENTERED INTO THE SITUATION ABOUT TWO WEEKS ~~AGO~~ AGO WHEN SHE TOLD ME TO LEAVE HER FELLOW OFFICER ALONE OR "ELSE!" ON 12-22-11 SMITH REFUSED TO PROVIDE ME A SHAVING RAZOR, HE THEN TOLD ME THAT IF I DID NOT LIKE IT I WOULD GET MY CHANCE LATER TO DO SOMETHING ABOUT IT, LATER WHEN OFFICER SMITH AND ANSTEAD CAME TO GET ME AND SAID I WAS TO SEE MEDICAL, ON THE WAY TO MEDICAL, I ASKED WHY WASN'T A LIEUTENANT ESCORTING US. OFFICER ANSTEAD THEN SAID DON'T WORRY BIG MOUTH, HERE IS YOUR CHANCE, DO SOMETHING NOW, SHE AND OFFICER SMITH BEGAN TO CLOSE IN ON ME, SO IN SELF DEFENSE, I DEFENDED MYSELF. OFFICERS SMITH AND ANSTEAD BOTH ISSUED ME A MISCONDUCT FOR ONE INCIDENT. THIS FACT ALONG WITH THEM Having REMOVED ME FROM MY CELL WITHOUT A LIEUTENANT SHOWS THEIR INTENTIONS REVIEW THE SMU TAPE WHICH WILL SHOW THAT I DID NOT ASSAULT ANYONE ALSO PLEASE ~~SEE~~ CALL MY WITNESSES HECTOR BORRERO - JB3013 AND MAURICE EDWARDS FH3540 WHO WILL EXONERATE ME BECAUSE THEY WITNESSED THE EVENTS. OFFICE SMITH MISCONDUCT OFFERS NO EVIDENCE TO SUPPORT THE CHARGES, AND OFFICER ANSTEADS MISCONDUCT IS A COMPLETE FABRICATION. EACH MISCONDUCT SHOULD BE DISMISSED WITH PREJUDICE. ADDITIONALLY, OFFICER SMITH DOES NOT LIST IF CO HOFFNER OR C.O. ANSTEAD WERE INVOLVED OR WITNESSES.

APPEAL TO PRC

| DC-141, Part 2 E<br>Misconduct Hearing Appeal | COMMONWEALTH OF PENNSYLVANIA<br>DEPARTMENT OF CORRECTIONS | | |
|---|---|---|---|
| DC Number<br>FY8740 | Name<br>Anthony Bussey | Facility<br>SCIC | No. From Part 1<br>336940 |

I was found guilty of misconduct number __336940__ - on __12-29-2011__
(date)

by the Hearing Examiner, and I wish to appeal that decision on the following grounds:

### Check Area(s) Involved

☑ a. the procedures employed were contrary to law, Department directives, or regulations;

☑ b. the punishment is disproportionate to the offense; and/or

☑ c. the findings of fact were insufficient to support the decision.

Below is a brief statement of the facts relevant to my claims(s). It includes the identity of all persons who may have information that may be helpful in resolving this matter.

This Appeal is being submitted pursuant to 28 U.S.C. §1746, Due to my lack of concerning the Law Along with the fact that I am functionally Illiterate, I wish to note that i am Receiving Assistance with filing this Appeal from A fellow prisoner i wish to Appeal misconduct Number 336940 Along with all previously Raised issues. I Also Appeal the fact the Hearing Examiner Denied me Due Process Because Despite my Having Informed the Hex that i Do Not understand the law am functionally Illiterate The Hex Denied me assistant from a fellow prisoner In Addition, the hearing Examiner Held my Hearing at my Cell Door when I Asked the Hearing Examiner to postpone my Hearing and Call my prisoner Assistant. The Hex refused to swear me in, and the Hearing Examiner Filed a False resport stating that my witness mr Borrero when the Hex Accues of saying that i was Kicking. I spoke To Mr Borrero who states he never said that i was Kicking but in fact stated that i was not Kicking. The Hex also Refused to swear mr Borrero in and held The Examination of mr Borrero at his cell. I Appeal that the Hex sanctioned me for two separate sanctions for one Incident. I never Should Have Recevied two misconducts i am Requesting that the video tape of the 12-22-11 Incident be preserved for court as i plan to pursue legal Redress. Both officers smith and Anstead were Disciplined Due to procedure violations therefore this misconduct should be Dismissed and Expunged from my Regard.

| Anthony Bussey | January 3, 2012 |
|---|---|
| Inmate's Signature | Date |

**DC-141**    **Part 2B**

Rev. 6-84

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

DISCIPLINARY HEARING REPORT

| DC Number | Name | Facility | Hearing Date | Hearing Time | No. from Part 1 |
|---|---|---|---|---|---|
| FY 8740 | BUSEY, A. | SCIC | 12/27/11 | 1230 | 2336940 |

| INMATE PLEA | ☐ Guilty    ☐ No Plea <br> ☒ Not Guilty    ☐ Other | Verdict | ☒ Guilty <br> ☐ Not Guilty |
|---|---|---|---|

**HEARING ACTION**

CHARGES    #1,    #35

---

FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED

Inmate Busey pleads not guilty to charges #1, #35.
Inmate Busey states he never kicked or spit on anyone.
HEX interviewed inmate Borrero who stated that "It was
m'" Inmate Borrero stated that Busey was kicking at
the officers, but claims he never saw Busey spit on anyone.
HEX believes Officer Smith's written report and inmate Borrero's
telling over inmate Busey's denial, that Busey did assault
Officer Smith by attempting to kick Officer Smith and refusing
several orders to stop kicking. Any attempt to commit an
action is the same as if the action had been completed.
A preponderance of evidence exists to support charge #1, #35.

     Guilty #1 - 90 days DC
     #35 - 90 days DC

---

| | | |
|---|---|---|
| ☒ YES   ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. | |
| ☐ YES   ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. | **SEE APPENDICES** |
| ☐ YES   ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. | |
| ☐ YES   ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | |

---

| NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED) | Hearing Report and all appended information must be signed. Signature indicates finished report with appendices. |
|---|---|
| K P REISINGER | SIGNATURE OF HEARING EXAMINER/COORDINATOR |

WHITE - DC-15      YELLOW - Inmate Cited      PINK - Staff Member Reporting Misconduct      GOLDENROD - Deputy Superintendent

A EXHIBIT A

| DC-141 Part III | COMMONWEALTH OF PENNSYLVANIA | | | | |
|---|---|---|---|---|---|
| Program Review Committee Action | | Department Of Corrections | | | |
| ☒ Misconduct Appeal ☐ Periodic Review ☐ Other | | | | | |
| DC Number | Name | Institution | Date of Review | | No from Part I |
| FY-8740 | BUSEY, Anthony | SCI-CAM | 01/09/12 | | B336940 |

**PROGRAM REVIEW COMMITTEE'S DECISION AND ITS RATIONALE**

The above named inmate is appealing the decision of the Hearing Examiner on misconduct # **B336940** on the following grounds:

☒A. The procedures employed were contrary to law, Department directives, or regulations
☒B. The punishment is disproportionate to the offense
☒C. The findings of fact were insufficient to support the decision

**PRC Decision:** PRC has reviewed the misconduct, your appeal, and supporting documentation and has determined that:

☒A. The procedures employed ~~did~~/**did not** violate law, Department directives, or regulations

**There is no evidence of any action taken that was contrary to DOC policy or procedures.**

☒B. The punishment **is**/~~is not~~ proportionate to the offense

**The sanctions imposed were in accordance with DC ADM 801.**

☒C. The findings of fact **were**/~~were not~~ sufficient to support the decision

**The evidence presented supports the findings of the Hearing Examiner. The HEX found the misconduct report and witness testimony to be clear and credible that you attempted to kick the Officer and refused orders to stop doing so. In addition, you provided no further evidence to support your claims.**

The above named inmate was informed of the PRC's decision in writing.

**DECISION RELATIVE TO HEARING COMMITTEE'S VERDICT**

☐ Not Applicable   ☒ Sustain   ☐ Sustain-Amend   ☐ Refer Back for Further Study   ☐ Exonerate Inmate

| Names of Program Review Committee Members | Signatures | Date |
|---|---|---|
| Scott Moore, Corrections Classification & Program Manager | *[signature]* | 01/09/12 |
| Timothy Henry, Deputy Superintendent Diagnostic Center | *[signature]* | 01/09/12 |
| Kathleen Zwierzyna, Deputy Superintendent Centralized Services | *[signature]* | 01/09/12 |

Original- DC-15   Copy- Inmate Filed   Copy- DC-14   Copy- DSCS   Copy- Hearing Examiner   Copy- Superintendent

EXHIBIT A

| COMMONWEALTH OF PENNSYLVANIA | DEPARTMENT OF CORRECTIONS |
|---|---|
| **Second Level Appeal** | **SCI-CAMP HILL** |
| ☒ Misconduct Appeal  ☐ A/C Appeal | |

| DC Number | Name | Location | Misconduct No. |
|---|---|---|---|
| FY-8740 | ANTHONY BUSEY | E-D-1008-01 | B336940 |

**SUPERINTENDENT'S DECISION:**

Mr. Busey,

I have read all the documentation you submitted, the findings by the Hearing Examiner and your appeal to the PRC.

All grounds of your appeal were addressed & I find that you present no additional evidence then what was submitted in your first level appeal.

Therefore I am sustaining the PRC's decision and denying your appeal.

## DECISION RELATIVE TO SECOND LEVEL APPEAL

Untimely   (Sustain)   Sustain-Amend      Refer Back to P.R.C      Exonerate Inmate

| SIGNATURE | DATE |
|---|---|
| R. South | 2-1-12 |

cc:   Deputy Henry                              Deputy Zwierzyna
      Mr. Moore                                 Hearing Examiner
      DC-15                                     File

EXHIBIT B

FORM DC-141 PART 1
Rev 8/05

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

B 336943

☒ MISCONDUCT REPORT ☐ OTHER ☐ DC-ADM 801 INFORMAL RESOLUTION

| DC Number | Name | Facility | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| FY8740 | Busey | SIC | 1510 | 12/22/11 | 12/22/11 |

| Quarters | Place of Incident |
|---|---|
| E | E Block D Pod |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | C/O Hoffner | X | | | | | |
| | C/O B.T. Smith | X | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION** Class #1 Assault Class #35 Refusing to obey an order.

**STAFF MEMBER'S VERSION** On the above date and time while bringing inmate Busey FY8740 out of his cell to obtain a weight he attempted to kick officer Smith. Inmate was then placed on the floor. While being placed on the floor inmate was kicking and struck this officer on the right side of my ribs. I gave inmate several orders to stop kicking at officers. All orders were refused and inmate was placed in leg irons and returned to his cell with no further incident.

**IMMEDIATE ACTION TAKEN AND REASON** Remain present status in the Smu until seen by Hearing Examiner.

LT McEun

**PRE-HEARING CONFINEMENT**

Refer To Hearing Examiner

| IF YES | | |
|---|---|---|
| ☒ YES | TIME | DATE |
| ☐ NO | 1926 | 12-22-11 |

**FORMS GIVEN TO INMATE**
☒ REQUEST FOR WITNESSES AND REPRESENTATION ☒ INMATE'S VERSION

**REPORTING STAFF MEMBER SIGNATURE AND TITLE**
C/O Almstead

**ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY SIGNATURE AND TITLE**

**DATE AND TIME INMATE GIVEN COPY**

| DATE | TIME 24 HOUR BASE |
|---|---|
| 12/22/11 | 2120 |

**YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER**

| DATE | TIME |
|---|---|
| 12/23/11 | 0800 |

**MISCONDUCT CATEGORY**
☒ CLASS 1 ☐ CLASS 2

**Signature of Person Serving Notice**
Walker C/O

**NOTICE TO INMATE**
You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have will be removed.

WHITE — DC-15     YELLOW — Inmate     PINK — Reporting Staff Member     GOLDENROD — Deputy Superintendent Facility Management

| DC-141 PART 2A | COMMONWEALTH OF PENNSYLVANIA |
|---|---|
| Rev. 2-08 INMATE REQUEST FOR REPRESENTATION AND WITNESSES | DEPARTMENT OF CORRECTIONS |

| DC Number | Name | Facility | Date | Number as on Part I |
|---|---|---|---|---|
| FY8740 | Busey, Anthony | SCIC | 12/22/11 | B336943 |

You have been charged with a misconduct. You may request assistance and/or witnesses to appear at your hearing by completing the section(s) below.

In order to have assistance or witnesses at your hearing, you must complete this form and present all copies to one of your housing officers no later than 9:00 a.m. the next day after you receive notice of the misconduct.

**Assistance:** ☐ I do not request assistance

☒ I request assistance by MARK Robinson AMS837 *No. Inmate is capable of presenting own defense*
(The person requested must be willing to assist you)

**Witnesses:** You may request witnesses in accord with DC-ADM 801. State the relevance and importance of the testimony the witness will give.

| **If Inmate** | DO NOT WRITE IN THIS SECTION For Use by Hearing Examiner |
|---|---|
| X 1. Name of Witness: No. Quarters | |
| Hector Borrero - JB 2013 | Witness permitted? Yes If not, why not? |
| Why is this person's testimony relevant and important? | *Inmate Borrero stated that* |
| Where it says Why is this He will Exonerate me because he witnessed The Event | *he saw Busey kicking the officer, but states he never saw him spit* |

| **If Inmate** | |
|---|---|
| Y 2. Name of Witness: No. Quarters | Witness permitted? If not, why not? |
| Maurice Edwards FH 3540 | No |
| Why is this person's testimony relevant and important? | *not needed to determine* |
| He will Exonerate me because he witnessed the Event | *innocence or guilt* |

| **If Inmate** | |
|---|---|
| 3. Name of Witness: No. Quarters | Witness permitted? If not, why not? |
| | No |
| Why is this person's testimony relevant and important? | *Not needed to determine* |
| I Request the 12-22-11 smu Block video Tape be Submitted as Evidence The tape will Exonerate me. | *innocence or guilt* |

| X _____ Inmate's Signature | _____ Hearing Examiner's Signature |
|---|---|
| This section to be completed by Housing Officer only | |
| Received completed form _____ hours Time _____ Date _____ | |
| _____ Housing Officer's Signature | |

| DC-141 | **PART 2 C** | COMMONWEALTH OF PENNSYLVANIA |
|---|---|---|
| Rev. 2-02 HEARING SUPPLEMENT INMATE VERSION AND WITNESS STATEMENTS | | DEPARTMENT OF CORRECTIONS |

| DC Number | Name | Facility | No. from PART I |
|---|---|---|---|
| FY8740 | Busey, Anthony | SCIC | B336943 |

**INMATE'S VERSION** I Plead not guilty to misconduct number B336943 on my DC-141 part 2A Form I requested Assistance From Inmate mark Robinson, who is A Certified paralegal and who helped me to Fill out my inmate Version. I also requested that a staff member be Allowed to Assist me By gathering Evidence And interviewing witnesses on my Behalf since I am confined to my Cell 24 Hours A Day, 7 Day A week, which makes it impossible for me to interview witnesses or gather Evidence. I am I am Noting All of this on my inmate Version Because smw officers Refused to sign And turn in my DC-141 part 2A Form their reasoning is that i "Assaulted a Fellow officer" Insofar as the misconduct. it is an Attempt to cover Both officer smith and Ansteads Retaliation and procedure violations. officer smith and I have Been Having verbal confrontation for about one month now, Based upon his sexually Inappropriate comments to myself and other smw Prisoners. Eventually officer Anstead Entered into the situation about two weeks Ago when she told me to leave her Fellow officer Alone or "Else" on 12-22-11 officer smith refused to provide me a shaving Razor He then told me that if i DID Not Like it I would Get my chance later to Do something About it." Later when officer smith and Anstead came to get me And said i was to see medical, on the way to medical, I Asked why wasn't a Lieutenant Escorting us, officer Anstead then said Don't worry Big mouth, Here is your chance, Do something Now, she and officer Began to close in on me, so in self Defense, I defended myself officer's smith and Anstead Both issued me a misconduct for one incident, this Fact Along with them Having removed me From my cell without a Lieutenant shows their intentions. Please Review the smw Tape which will show that i DiD Not Assault Anyone Also, please cell my witnesses Hector Borrero-JB2013 and Maurice Edwards FH-5540 who will Exonerate me Because they witnessed the Event. Officer smith misconduct officers No Evidence to support the charges, and officer Ansteads misconduct is a complete fabrication. Each misconduct should be Dismissed with prejudice. Additionally, officer smith Does Not list c.o Hoffner or c.o. Anstead were involved or witnesses.

EXHIBIT R

| DC-141 | Part 2B | COMMONWEALTH OF PENNSYLVANIA | | | | |
|---|---|---|---|---|---|---|
| Rev. 6-84 | | DEPARTMENT OF CORRECTIONS | | | | |
| DISCIPLINARY HEARING REPORT | | | | | | |
| DC Number | Name | | Facility | Hearing Date | Hearing Time | No. from Part 1 |
| FY8740 | BUSEY | | SCIC | 12/27/11 | 1235 | B336943 |

| INMATE PLEA | ☐ Guilty   ☑ Not Guilty 1235 | ☐ No Plea   ☐ Other | Verdict | ☐ Guilty   ☐ Not Guilty |
|---|---|---|---|---|

## HEARING ACTION

CHARGES   #1, #35

### FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED

Inmate Busey pleads not guilty to charges #1, #35.
Inmate Busey states he never kicked or spit on the Officer.
On 12/27/11 this HEX interviewed inmate Borrero who stated
that "It was on 1." Borrero went on to state that
he saw inmate Busey kicking at the Officers, but
claims he never saw Busey spit on anyone.
Hearing continued on 12/29/11 @ 1120.

HEX believes Officer Anslead's written report and inmate Borrero's
testimony is more credible than inmate Busey's denial that
Busey did assault Officer Anslead by kicking her in
the right side of her ribs. Busey refused several orders
to stop kicking. A preponderance of evidence exists to
support charges #1, #35.   Guilty #1- 70 days DC
#35- 90 days DC (concurrent)
B336940

| | | | |
|---|---|---|---|
| ☑ YES | ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. | 90 days DC |
| ☑ YES | ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. | concurrent |
| ☑ YES | ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. | written version |
| ☑ YES | ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | |

SEE APPENDICES

| NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED) | Hearing Report and all appended information must be signed. Signature indicates finished report with appendices. |
|---|---|
| K P REISINGER | SIGNATURE OF HEARING EXAMINER/COORDINATOR |

EXHIBIT R

APPEAL TO PRC

| DC-141, Part 2 E | COMMONWEALTH OF PENNSYLVANIA | | | |
|---|---|---|---|---|
| Misconduct Hearing Appeal | DEPARTMENT OF CORRECTIONS | | | |
| DC Number | Name | | Facility | No. From Part 1 |
| Fy8740 | Anthony Bussey | | SCIC | 336943 |

I was found guilty of misconduct number **336943** - on **12-29-2011**
(date)

by the Hearing Examiner, and I wish to appeal that decision on the following grounds:

### Check Area(s) Involved

☑ a. the procedures employed were contrary to law, Department directives, or regulations;

☑ b. the punishment is disproportionate to the offense; and/or

☑ c. the findings of fact were insufficient to support the decision.

**Below is a brief statement of the facts relevant to my claims(s). It includes the identity of all persons who may have information that may be helpful in resolving this matter.**

This Appeal is being submitted pursuant to 28 U.S.C. § 1746, Due To my lack of Concerning the law Along with the Fact that I am Functionally Illiterate, I wish to Note that i am Receiving Assistance with Filing this Appeal From A Fellow prisoner. I wish to Appeal misconduct Number 336943 Along with All previously Raised Issues. I Also Appeal the Fact The Hearing Examiner Denied me Due process Because Despite my Having Informed The Hex That I Do Not understand the Law am Functionally Illiterate, The Hex denied me assistance From a Fellow prisoner, In Addition, The hearing Examiner Held my Hearing at my cell Door when I Asked The Hearing Examiner to postpone my Hearing and call my prisoner Assistant. The Hex refused to swear me in, and the Hearing Examiner Filed a False report stating that my witness mr Borrero whom the Hex Accuses of saying that I was Kicking. I spoke to Mr. Borrero who states he never said that I was Kicking, But In Fact Stated that I was Not Kicking. The Hex also Refused to swear mr Borrero In and Held The Examination of mr Borrero at his cell. I Appeal that the Hex sanctioned me for two separate sanctions for one Incident. I never should Have Received two misconducts I am Requesting that The video Tape of The 12-22-11 Incident be preserved for court as I plan To pursue legal Redress. Both officers Smith and Anstead were Disciplined Due to procedure notations therefore This misconduct should be Dismissed and Expuneed from my Reged

_Anthony Bussey_        January 3, 2012
Inmate's Signature             Date

EXHIBIT B

| DC-141 Part III | COMMONWEALTH OF PENNSYLVANIA | | | | E Block |
|---|---|---|---|---|---|
| Program Review Committee Action ☒ Misconduct Appeal  ☐ Periodic Review  ☐ Other | Department Of Corrections | | | | |

| DC Number FY-8740 | Name BUSEY, Anthony | Institution SCI-CAM | Date of Review 01/09/12 | No from Part I B336943 |
|---|---|---|---|---|

**PROGRAM REVIEW COMMITTEE'S DECISION AND ITS RATIONALE**

The above named inmate is appealing the decision of the Hearing Examiner on misconduct # **B336943** on the following grounds:

☒A. The procedures employed were contrary to law, Department directives, or regulations

☒B. The punishment is disproportionate to the offense

☒C. The findings of fact were insufficient to support the decision

**PRC Decision:** PRC has reviewed the misconduct, your appeal, and supporting documentation and has determined that:

☒A. The procedures employed ~~did~~/**did not** violate law, Department directives, or regulations

**No violation of DOC policy or procedures occurred.**

☒B. The punishment **is**/~~is not~~ proportionate to the offense

**Sanctions imposed were in accordance with DC ADM 801, and were proportionate to the severity of the infraction.**

☒C. The findings of fact **were**/~~were not~~ sufficient to support the decision

**The evidence presented supports the findings of the Hearing Examiner.  The HEX found the misconduct report and witness testimony to be clear and credible.  In addition, you provided no further evidence to support your claims.**

The above named inmate was informed of the PRC's decision in writing.

**DECISION RELATIVE TO HEARING COMMITTEE'S VERDICT**

☐ Not Applicable   ☒ Sustain   ☐ Sustain-Amend   ☐ Refer Back for Further Study   ☐ Exonerate Inmate

| Names of Program Review Committee Members | Signatures | Date |
|---|---|---|
| Scott Moore, Corrections Classification & Program Manager | *Scott Moore* | 01/09/12 |
| Timothy Henry, Deputy Superintendent Diagnostic Center | *Tim Henry* | 01/09/12 |
| Kathleen Zwierzyna, Deputy Superintendent Centralized Services | *K. Zwierzyna* | 01/09/12 |

Original- DC-15   ~~Copy- Inmate Sited~~   Copy- DC-14   Copy- DSCS   Copy- Hearing Examiner   Copy- Superintendent

| COMMONWEALTH OF PENNSYLVANIA | | DEPARTMENT OF CORRECTIONS | |
|---|---|---|---|

**COMMONWEALTH OF PENNSYLVANIA**
Second Level Appeal
☒ Misconduct Appeal ☐ A/C Appeal

**DEPARTMENT OF CORRECTIONS**

**SCI-CAMP HILL**

| DC Number | Name | Location | Misconduct No. |
|---|---|---|---|
| FY-8740 | ANTHONY BUSEY | E-D-1008-01 | B336943 |

**SUPERINTENDENT'S DECISION:**

Mr. Busey,

I have read all the documentation you submitted, the findings by the Hearing Examiner and your appeal to the PRC.

All grounds of your appeal were addressed & I find that you present no additional evidence then what was submitted in your first level appeal.

Therefore I am sustaining the PRC's decision and denying your appeal.

---

**DECISION RELATIVE TO SECOND LEVEL APPEAL**

Untimely   (Sustain)   Sustain-Amend     Refer Back to P.R.C     Exonerate Inmate

| SIGNATURE | DATE |
|---|---|
| R Saute | 2-1-12 |

cc:   Deputy Henry                          Deputy Zwierzyna
      Mr. Moore                             Hearing Examiner
      DC-15                                 File

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
1920 Technology Parkway
Mechanicsburg, PA 17050

February 22, 2012

OFFICE OF THE
CHIEF HEARING EXAMINER

Anthony Busey, FY-8740
SCI-Camp Hill
P.O. Box 200
2500 Lisburn Road
Camp Hill, PA 17001-8837

Re:   DC-ADM 801 - Final Review
Misconduct No. B336943 & B336940

Dear Mr. Busey:

This is in response to your appeal to Final Review of the above-numbered misconduct.

In accordance with DC-ADM 801, § 5 (C. 6), I have reviewed the entire record of this misconduct; including the misconduct report, the hearing report and related documents, your appeal to the Program Review Committee and their response, your appeal to the Superintendent and his response. I have also thoroughly reviewed the issues you raise to Final Review.

The issues you raise to Final Review have already been addressed by the Program Review Committee and the Superintendent. On review of the record, this Office concurs with their responses. I find no persuasive basis from which to conclude that the Examiner erred in conducting the hearing. The Examiner specifically documented findings of fact based on evidence presented at the hearing to support the decision. The procedures followed were in complete accordance with DC-ADM 801. The sanction imposed is not viewed to be disproportionate to the offense, and therefore will not be amended at this level.

For the above-stated reasons, the responses provided by the Program Review Committee and the Superintendent are upheld in full. Your appeal must, therefore, be denied.

Robin M. Lewis
Chief Hearing Examiner
Pennsylvania Department of Corrections

RML/srh
Cc:   Superintendent Southers

*"Our mission is to protect the public by confining persons committed to our custody in safe, secure facilities, and to provide opportunities for inmates to acquire the skills and values necessary to become productive law-abiding citizens; while respecting the rights of crime victims."*

THIS DECLARATION IS MADE PURSUANT TO 18 PA.C.S. § 4904 AND IS MADE WITHOUT THREAT, PROMISE, OR FINANCIAL GAIN.

ON 12/27/2011, I, Hector A Borrero, SPOKE WITH HEARING EXAMINER REISINGER WHILE I WAS INSIDE OF CELL C-C-1013 AT CAMP HILL'S SMU. AT THAT TIME I INFORMED HEX RESINGER THAT I FELT THAT I SHOULD FIRST BE SWORN IN BEFORE OFFERING TESTIMONY. THE HEX TOLD ME THAT I DID NOT NEED TO BE SWORN IN. SHE THEN ASKED WHAT OCCURRED ON DECEMBER 22, 2011, CONCERNING PRISONER BUSSEY, OFFICER SMITH, AND OFFICER ANSTEAD. I SPECIFICALLY NOTED TO THE HEX THAT I NEVER WITNESSED BUSSEY KICK OR SPIT AT OFFICER SMITH OR ANSTEAD.

LATER, UPON SPEAKING WITH PRISONER BUSSEY, I WAS INFORMED THAT HEX-REISINGER PLACED IN HER SANCTION SHEET THAT I STATED THAT I HAD WITNESSED BUSSEY KICKING. THIS IS UNTRUE, AND HEX REISINGER HAS FILED A FALSE REPORT.

(S): _____   DATE: 1/ 07 /2012

HECTOR BORRERO JB3013
SMU AT CAMP HILL
P.O. BOX 200
CAMP HILL, PA 17001-0200

CC: PRISONER BUSSEY
MY FILE
Borreros file

EXHIBIT C

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY BUSSEY - PLAINTIFF                    ("JURY TRIAL DEMANDED")

        V.                                    CIVIL N_ _____

OFFICER SMITH

OFFICER MUSTEAD

HEARING EXAMINER REISINGER
              DEFENDANTS

MARY E. D'ANDREA, CLERK OF COURT

UNITED STATES DISTRICT COURT FOR

THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM J. NEALON FEDERAL BLDG & U.S. COURTHOUSE

235 NORTH WASHINGTON AVENUE

P.O. BOX 1148

SCRANTON, PA 18501-1148

DEAR CLERK D'ANDREA'

PLEASE FIND ENCLOSED 1 - ORIGINAL COMPLAINT AND 2 COPIES, 1 - APPLICATION TO PROCEED IN

FORMA PAUPERIS, 1 - AUTHORIZATION FORM, 1 - MOTION FOR APPOINTMENT OF COUNSEL, EXHIBIT A -

MISCONDUCT NO. 336940, EXHIBIT B - MISCONDUCT NO. 336943, AND EXHIBIT C - DECLARATION

BY HECTOR BORRERO.

THESE ARE ALL MY CIRCUMSTANCES ALLOW ME TO PROVIDE AT THIS TIME. IF IN FORMA

PAUPERIS IS GRANTED, AND YOU WOULD BE SO KIND AS TO MAKE THE NECESSARY COPIES IN

ORDER TO ENSURE THAT ALL PARTIES ARE PROPERLY NOTIFIED, I WOULD BE VERY APPRECIATIVE

SIGNED: _Anthony Bussey_                      DATE: march 8, 2012
         ANTHONY BUSSEY FY8740
         SMU AT CAMP HILL
         P.O. BOX 200
         CAMP HILL, PA 17001-0200

CC: FILE



Dept of Corrections
Inmate Mail

UNITED STATES POSTAGE
$ 02.30°
MAILED FROM ZIP CODE 17001

MARY E. D'ANDREA CLERK OF COURT
UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA
WILLIAM J. NEALON FEDERAL BLDG + U.S. COURTHOUSE
235 NORTH WASHINGTON AVENUE
P.O. BOX 1148
SCRANTON, PA 18501-1148

RECEIVED
SCRANTON
MAR 15 2012
DEPUTY CLERK