IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY BUSEY, : | |
| : | |
| Plaintiff, : | CIVIL NO. 1:12-CV-0469 |
| : | |
| v. : | Hon. John E. Jones III |
| : | |
| OFFICER BRIAN SMITH, *et al.*, : | |
| : | |
| Defendants. : | |

**MEMORANDUM and O R D E R**

March 28, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Plaintiff Anthony Busey ("Plaintiff" or "Busey"), an inmate presently confined at the State Correctional Institution Camp Hill ("SCI Camp Hill") in Camp Hill, Pennsylvania, initiated the above action *pro se* by filing a civil rights Complaint under the provisions of 42 U.S.C. § 1983.  (Doc. 1.)  Named as Defendants are the following members of the staff at SCI Camp Hill: Corrections Officers Brian Smith and A. Anstead, and Hearing Examiner K.P. Reisinger.  Busey alleges that Defendants Smith and Anstead used excessive force against him, retaliated against him, and caused him emotional and physical injuries, and that Defendant Reisinger violated his substantive and procedural due process rights in disciplinary proceedings that ensued following an incident involving Busey, Smith, and Anstead.

Service of the Complaint has been directed by separate order. Presently before the Court is Busey's Motion requesting that the Court appoint counsel to represent him in this matter. (Doc. 4.) For the reasons set forth below, the Motion will be denied without prejudice.

## I.  LEGAL STANDARD

The Court recognizes that there is neither a constitutional nor a statutory right to counsel for civil litigants. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Notwithstanding this lack of a constitutional or statutory right to appointed counsel, in a civil case, 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to employ counsel." A district court's appointment of counsel pursuant to this statute is discretionary and must be made on a case-by-case basis. *Tabron,* 6 F.3d at 157-58. The exercise of this discretion, however, is guided by certain basic principles. *Gordon v. Gonzalez,* 232 Fed. Appx. 153, 156 (3d Cir. 2007).

In *Tabron*, the United States Court of Appeals for the Third Circuit first outlined with specificity the applicable standards to be considered by courts upon an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). *Id.* at 155-57. In *Parham*, the Third Circuit identified the following guidelines for appointing counsel

to indigent civil litigants:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>
>> (1) the plaintiff's ability to present his or her own case;
>>
>> (2) the complexity of the legal issues;
>>
>> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such an investigation;
>>
>> (4) the amount a case is likely to turn on credibility determinations;
>>
>> (5) whether the case will require the testimony of expert witnesses;
>>
>> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham*, 126 F.3d at 457 (citation omitted).

## II.   DISCUSSION

Our analysis of the above factors suggests that counsel should not be appointed in this case at the present time. At the outset, we observe that Busey requests that the Court appoint an attorney to represent him because he is "unable to afford counsel." (*See* Doc. 4 ¶ 1.) While we are mindful of the fact that Busey likely is unable to

afford to pay an attorney, he does not state whether he has made his own efforts to seek counsel to represent him on a *pro bono* basis before filing the instant Motion.

Applying the factors set forth above to this case, we find that, based upon the pleadings submitted thus far, Busey has demonstrated an ability to litigate this case on his own, albeit with the assistance of another inmate.  We are mindful of Busey's statement in the instant Motion that he is "functionally illiterate," that he relied on the help of a fellow inmate to prepare the Complaint in this action, and that the inmate who helped him has expressed that he will not provide further assistance. Nevertheless, Busey has not stated that he has sought the assistance of other inmates to continue to prepare his pleadings for this case and has been unsuccessful.  We therefore cannot conclude that he lacks the ability to present his own case.  We also find based upon our review of the Complaint that the legal issues presented by this case are not overly complicated and that there is no indication that a significant amount of factual investigation will be required. Finally, while this case may turn, at least in part, on credibility determinations, both that consideration, and the consideration as to whether expert witness testimony will be required, are premature at this very early stage of the case where Defendants have not yet been served with the Complaint.  It cannot be said, at least at this point, that Busey will suffer

substantial prejudice if he is required to proceed with litigating this case on his own. This Court's liberal construction of *pro se* pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), coupled with Busey's apparent ability to litigate this action, weigh against the appointment of counsel.  Therefore, the instant Motion will be denied.  However, the denial will be without prejudice such that, if future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a properly filed motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Appoint Counsel (Doc. 4) is **DENIED** without prejudice.

        s/ John E. Jones III
        John E. Jones III
        United States District Judge